UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Pamela Scott<br>6290 Arden Ave.<br>San Bernardino, CA 92404<br><br>    Plaintiff,<br><br>v.<br><br>Curtis O. Barnes, A Professional Corporation<br>2323 Lake Club Drive<br>Columbus ,OH 43232<br><br>    Defendant. | Case No. 2:08-cv-0862<br><br>Judge:<br><br>**COMPLAINT FOR DAMAGES<br>UNDER THE FAIR DEBT<br>COLLECTION PRACTICES ACT<br>AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692.  Venue is proper in this district because Defendant resides in this district under 28 U.S.C. § 1391.

## FACTS COMMON TO ALL COUNTS

2. The Plaintiff is a person who incurred a consumer debt primarily for personal, family or household purposes.

3. Defendant is a corporation doing business primarily as a consumer debt collector.

4. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

5. The Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

6. The debt in question qualifies as a "debt" as defined by 15 U.S.C. §1692a(5).

7. Defendant is either the holder of the debt or was retained by the current holder to collect the debt.

8. Plaintiff filed this action within the time frame permitted under the FDCPA.

9. On or around September 20, 2007, Defendant telephoned Plaintiff regarding the debt.

10. Throughout the communication referenced in Paragraph 9, Defendant spoke to Plaintiff in an abusive and belligerent tone.

11. During the communication referenced in Paragraph 9, Defendant threatened to garnish Plaintiff's wages if Plaintiff did not pay Defendant $1,700 by 5:00pm that day.

12. During the communication referenced in Paragraph 9, Defendant told Plaintiff that Plaintiff was paying for the telephone call that Defendant had just made.

13. As a result of Defendant's threats, Plaintiff feared that garnishment of her wages was imminent.

14. As a result of Defendant's threats, Plaintiff feared that she would not be able to afford to pay for necessities after the garnishment.

15. As a result of Defendant's threats, Plaintiff feared that she would lose her job.

16. At the time of the communication referenced above, Defendant had not obtained a judgment against Plaintiff.

17. Defendant has damaged Plaintiff emotionally and mentally and has caused substantial anxiety and stress.

18. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

19. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

20. The Defendant violated 15 U.S.C. §1692d in that defendant used obscene and/or abusive language during its communications in furtherance of debt collection.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

21. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

22. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect a debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

23. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

24. The Defendant violated 15 U.S.C. §1692e in that it threatened legal action where such action was not contemplated, and stated for the sole purpose of terrifying the Plaintiff.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

25. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

26. The Defendant violated 15 U.S.C. §1692e by making misrepresentations during its conversations with Plaintiff.

## JURY DEMAND

27. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

28. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

b.  For such other legal and/or equitable relief as the Court deems appropriate.

                RESPECTFULLY SUBMITTED,

                MACEY & ALEMAN, P.C.

                By: */s/ Richard J. Meier*
                Richard J. Meier
                Jeffrey S. Hyslip
                Sears Tower
                233 South Wacker Drive
                Suite 5150
                Chicago, IL 60606
                Tel: 866-339-1156
                Fax: 312-822-1064
                rjm@legalhelpers.com
                jsh@legalhelpers.com
                *Attorneys for Plaintiff*